FILED

OCT 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE HUMBERTO COREAS, AKA Jose Coreas, | No. 13-72667 |
| Petitioner, | Agency No. A094-450-260 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:    SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Jose Humberto Coreas, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal of the immigration judge's ("IJ") decision denying him asylum, withholding

of removal, and relief under the Convention Against Torture.  Our jurisdiction is

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo constitutional questions, including claims of due process violations due to ineffective assistance of counsel, and we review for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part, deny in part, grant in part, and we remand.

Coreas argued to the BIA that he had ineffective assistance of counsel because his attorney did not file a notice of appeal. Because the BIA certified and considered his appeal, Coreas has not shown he was prejudiced by his former attorney's failure to file a timely notice of appeal. *See Iturribarria v. INS*, 321 F.3d 889, 901-02 (9th Cir. 2003) (ineffective assistance of counsel claim failed where petitioner could not demonstrate that attorney's alleged deficient representation prejudiced his case). We lack jurisdiction to review any claim of ineffective assistance of counsel before the IJ because Coreas did not raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

The record does not compel the conclusion that Coreas established either changed or extraordinary circumstances to excuse his late filed asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5). Thus his asylum claim fails.

Substantial evidence supports the agency's denial of Coreas's CAT claim because he failed to establish it is more likely than not he would be tortured by or

with the consent or acquiescence of the government if returned to El Salvador. *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

In denying Coreas's withholding of removal claim, the agency found Coreas did not establish he was a member of a cognizable social group. The agency did not consider the impact, if any, of this court's recent decision in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Further, when it issued its decision in this case, it did not have the benefit of this court's decisions in *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Coreas' withholding of removal claim to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; and REMANDED.**

13-72667